## S03A0290. CHINN v. THE STATE.
### (578 SE2d 856)

FLETCHER, Chief Justice.

A jury convicted Ronnie Chinn of the murder of cab driver John Agazie.[1] Chinn contends that the State struck four jurors for racially motivated reasons and the prosecutor made an improper closing argument. Because the State provided persuasive race-neutral reasons for striking four African-Americans as jurors and the closing argument did not invite jurors to put themselves in the place of the victim, we affirm.

The State indicted Chinn, Marika Wicks, and Robert Prater for malice murder, two counts of felony murder, armed robbery, aggravated assault, hijacking a motor vehicle, and possession of a firearm during the commission of a felony. Prater pled guilty to one count of conspiracy to commit armed robbery and testified on behalf of the State at the joint trial of Chinn and Wicks. The jury convicted both

---

[1] The shooting occurred on January 10, 1999, and Chinn was indicted on September 3, 1999. A jury found him guilty on September 5, 2000, and the trial court sentenced him on September 20, 2000. Chinn filed a motion for new trial on October 13, 2000, which was denied on August 26, 2002. Chinn filed a notice of appeal September 11, 2002; the record was filed in the clerk's office on October 30, 2002; and the case was submitted for decision on written briefs on December 23, 2002.

defendants on all seven counts in the indictment. The trial court sentenced Chinn to life imprisonment on the murder count, twenty years concurrent imprisonment on the armed robbery and aggravated assault counts, twenty years consecutive imprisonment on the hijacking count, and five years consecutive imprisonment on the firearm possession count. The felony murder convictions were vacated by operation of law.

1. The evidence presented at trial shows that several people saw Chinn with a .22 pistol at a party earlier that Saturday night. After leaving the party, Chinn, Wicks, and Prater discussed robbing a cab driver to get money. A cab driver saw three young men enter Agazie's cab at the East Point MARTA station around 1:00 a.m. on Sunday. Prater and other witnesses testified that he was getting out of the cab when Chinn shot Agazie in the back of the head and then Wicks jumped and fired his gun. The three men pulled the victim from the car and drove off; they found $50 when they searched the cab. Around 3:30 a.m., a police officer arrested Wicks for driving under the influence and observed blood and pieces of flesh in the car, which police found was leased to Agazie. Several days later, police found Agazie's body in the woods and recovered two bullets from it, including a .22 caliber lead bullet. Based on statements that Chinn's co-conspirators made to associates after the murder, police issued warrants for the arrest of Chinn, Wicks, and Prater. A FBI fugitive task force arrested Chinn several months later in Gary, Indiana. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Chinn guilty beyond a reasonable doubt of the crimes of which he was convicted.[2]

2. Chinn contends that the State exercised its strikes in a racially discriminatory manner because it used four of its five peremptory strikes to remove African-Americans from the jury.[3] The State explained that it struck juror 4 because she had a child in the same age group as the defendants and said his age would affect her impartiality, removed juror 6 because she was a victim of domestic violence and said she would approach the case with a spirit of forgiveness, removed juror 28 because she had family members who had been convicted of serious crimes and she did not think they were treated fairly, and removed juror 31 because she said she could not be fair due to her son's felony conviction as a young man. Based on these explanations, we conclude that the trial court was not clearly erroneous in finding that the State gave race-neutral reasons for its

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

strikes and these reasons were not a pretext for purposeful discrimination.[4]

3. Chinn also contends that he was deprived of a fair trial when the prosecutor made an improper golden rule argument. During closing argument, the prosecutor said that the victim was entitled to respect as a human being and his day in court, but never suggested or asked the jurors to place themselves in the victim's position. Because this argument was not a golden rule argument and did not deprive the defendant of a fair trial, we conclude that the trial court did not abuse its discretion in denying Chinn's motion for a mistrial or in failing to instruct the jury to ignore the argument.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 27, 2003.

*Jill G. Polster*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anne E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.

---

[4] See *Miller-El v. Cockrell*, 537 U. S. 322 (123 SC 1029, 154 LE2d 931) (2003) (state appellate court applies clearly erroneous standard to trial court's decision on discriminatory intent).

[5] See *McClain v. State*, 267 Ga. 378 (477 SE2d 814) (1996).